UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FLORINE NELSON, et al.,

                                          Plaintiffs,

                                                                     DECISION AND ORDER

                                                                     06-CV-6635L

                           v.

THE CITY OF ROCHESTER, NEW YORK, et al.,

                                          Defendants.
_____

      Plaintiffs, Florine and Walter Nelson, filed the complaint in this action in New York State Supreme Court, Monroe County, in September 2006. The complaint asserts claims under 42 U.S.C. §§ 1983, 1985 and 1988, as well as under New York statutory and common law, against the City of Rochester ("City") and various individual city officials and employees, based on defendants' alleged abuse of process in connection with a warrant to search plaintiffs' residence on Clifton Street in Rochester.

      Defendants removed the action to this Court in December 2006, based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a). Plaintiffs move to remand the action to state court under 28 U.S.C. § 1441(c).

**BACKGROUND**

The Rochester Municipal Code requires property owners to obtain a certificate of occupancy ("C/O") for certain types of structures, stating that the structure conforms to the Rochester Building Code, Zoning Code, and similar provisions.  The Municipal Code also provides that buildings for which a C/O is required are subject to inspection to ensure compliance with all applicable codes.  Rochester Property Code § 90-16, *available at* http://gcp.esub.net/cgi-bin/om_isapi.dll?clientID=68150&infobase=rochestr.nfo&softpage=Browse_Frame_Pg42.[1]

In June 2005, defendant Rodric Cox-Cooper, the Director of Rochester's Neighborhood Empowerment Team ("NET"), applied for a warrant to search plaintiffs' residence (which they rent from the owner, Eula Dozier), stating that a search was required to determine if the building was in conformity with applicable codes.  Complaint ¶¶ 31, 54.  Rochester City Court Judge Ann Pfeiffer granted the application on June 14.  Complaint ¶ 62.

On June 21, 2005, two NET officers and three Rochester police officers went to plaintiff's residence to execute the warrant.  Plaintiffs refused to allow them to enter the house.

---

[1]The Court takes judicial notice of the Rochester Municipal Code.  *See* Fed. R. Evid. 201(b)(2); *Wheeler v. City of Oakland*, No. C 05-0647, 2006 WL 1140992, at *5 (N.D.Cal. Apr. 28, 2006) (taking judicial notice of Oakland Municipal Code in action arising out of city employee's warrantless entry onto plaintiff's property and issuance of notice of violation of municipal "blight ordinance"); *Jones v. Wildgen*, 320 F.Supp.2d 1116 (D.Kan. 2004) (taking judicial notice of portions of city code in action challenging constitutionality of municipal ordinances).

Plaintiffs came out and spoke to the officers outside the building, and the officers eventually left without executing the warrant.  Complaint ¶¶ 69-73, 85.

Defendant Amy Hartman Nichols, an attorney for the City, sent plaintiffs a letter dated July 29, 2005, stating that a "motion for contempt order" would be filed against them unless plaintiffs submitted a letter stating that they lived at 187 Clifton Street and that they consented to allow the City to inspect the property.  Complaint ¶¶ 89, 90.  By letter dated August 3, 2005, plaintiffs' attorney responded to Hartman Nichols, stating that plaintiffs "cannot be held in contempt of any order entered in a proceeding in which they were not joined as parties or permitted to appear."  Complaint ¶ 95.

The City filed a contempt motion on October 20, 2005, seeking to hold plaintiffs in contempt of the previously issued search warrant.  Rochester City Court Judge Melchor Castro orally dismissed the motion on December 23, 2005.  Complaint ¶¶ 97, 100.

Plaintiffs commenced this action the following September.  The complaint asserts thirteen causes of action, including § 1983 claims alleging violations of plaintiffs' Fourth Amendment and equal protection rights, a § 1983 claim for abuse of process, a civil rights conspiracy claim under § 1985, and a claim for attorney's fees under § 1988.  Plaintiffs also alleged analogous claims under the New York State Constitution, as well as claims alleging violations of the New York Criminal Procedure Law and common law.  Plaintiffs seek declaratory and injunctive relief, as well as compensatory damages.

**DISCUSSION**

Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441(a), which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiffs have moved to remand under § 1441(c), which provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

Plaintiffs contend that remand is appropriate under § 1441(c) because New York law predominates in this action. A central issue in this case, plaintiffs assert, is whether New York law authorizes so-called "administrative" search warrants, *i.e.*, warrants to search for the purpose of determining compliance with property code requirements. According to plaintiffs, the City has enacted a local law to permit such warrants, but plaintiffs contend that in the absence of a delegation of authority from the state, the City is not empowered to enact such a law. Plaintiffs also allege that even if administrative search warrants are permissible, they must comply with the requirements of the Criminal Procedure Law, and that the warrant at issue in this case did not (*e.g.*, the warrant application did not allege that contraband would be found on the property).

Plaintiffs also contend that there is another issue of state law concerning whether NET officers have authority to seek or execute search warrants.

Plaintiffs also contend that the Court should abstain from exercising jurisdiction over this case pursuant to the principles enunciated in *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 501 (1941). "*Pullman* abstention may be appropriate where a claim implicates an unresolved or unclear issue of state law." *Handberry v. Thompson*, 446 F.3d 335, 356 (2[d] Cir. 2006). Plaintiffs contend that the issues mentioned above concerning administrative search warrants and the authority of NET officers are just such issues. Plaintiffs also contend that whether a party can be held in contempt of a search warrant is a novel issue of state law. Plaintiffs note that two cases, *Weekes v. City of Rochester* and *Kelly v. City of Rochester*, are currently pending in Supreme Court, Monroe County, in which the plaintiffs have raised the same issues as those presented in the instant case. Plaintiffs argue that those issues would best be decided in state court in the first instance.

Similarly, plaintiffs argue that the Court should decline to exercise its supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(c), which permits a district court to decline to exercise supplemental jurisdiction over a state law claim if, *inter alia*, "the claim raises a novel or complex issue of State law, ... the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, ... or ... in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

There is no dispute that this action was properly removed under § 1441(a), because plaintiffs have pleaded federal claims. *See Ward v. Alternative Health Delivery Systems, Inc.*,

261 F.3d 624, 626 (6th Cir. 2001) ("When the defendants filed their notice of removal, plaintiff's complaint did include two federal claims on its face. Thus, the action was properly removed"); *Decatur Memorial Hosp. v. Connecticut General Life Ins. Co.*, 990 F.2d 925, 927 (7th Cir. 1993) ("the removal was proper, because the complaint pleaded a federal claim"). Where the complaint pleads both federal and state law claims arising out of the same facts, the entire action may generally be removed, since the federal court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. *See*, *e.g.*, *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995) (where state court action included a claim under § 1983, plus a variety of state law claims arising out of the same events and circumstances, entire action was properly removed from state court under § 1441(a)); *see also* 16 Moore's Federal Practice § 107.14[6][b] ("if a removable claim presents a federal question, and the other claims are related to the federal claim, the case generally would be removable ... under Section 1441(a), because the case could have been filed originally in federal court. The federal claim would provide a foothold in the federal court, and then supplemental jurisdiction would provide the basis for subject matter jurisdiction over the state law claims").

The question before me, then, is not whether removal was proper–it was–but whether the Court may, or should, remand any or all of the claims. Plaintiffs contend that I should remand the entire action to state court. Plaintiffs cite authority that § 1441(c) "permits [courts] to remand the entire action, federal claims and all, if the state law claims predominate." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). Defendants, however, contend that the Court has no discretion to remand plaintiffs' federal claims, and that the Court should not remand the

state law claims because those claims are not "separate and independent" from the federal claims. *See West Mifflin*, 45 F.3d at 787.

At the outset, I note that there is substantial authority, with which I agree, that § 1441(c) does not apply to cases that have been properly removed under § 1441(a). *See*, *e.g.*, *Dunlop v. City of New York*, No. 06-CV-433, 2006 WL 2853972, at *4 (S.D.N.Y. Oct. 4, 2006) (where action was remanded pursuant to § 1441(a), "analysis of remand under section 1441(c) in inappropriate"); *Surprise v. GTE Serv. Corp.*, 47 F.Supp.2d 240, 242 (D.Conn. 1999) (reviewing motion for remand under § 1441(a) where action was removed pursuant to that section, even though plaintiff erroneously argued for remand pursuant to section 1441(c)); *Padilla v. City of Saginaw*, 867 F.Supp. 1309, 1315 (E.D.Mich. 1994) ("As this court interprets § 1441(c), that section applies only where the state and federal claims in a single suit do not derive from a common nucleus of operative fact and, thus, where the suit is not removable under §§ 1441(a) or (b) because the court lacks any basis for jurisdiction over the state law claims").[2]

As the *West Mifflin* court explained, "§ 1441(c) provides for removal or remand only where the federal question claims are 'separate and independent' from the state law claims with which they are joined in the complaint." *West Mifflin*, 45 F.3d at 786. In other words, § 1441(c) permits *removal* of state law claims that are joined in the same lawsuit as federal claims, even though the state and federal claims are "separate and independent" from each other. Section

---

[2] An example of a case that is removable under § 1441(c) is *Moralez v. Meat Cutters Local 539*, 778 F.Supp. 368 (E.D.Mich. 1991), in which the court remanded under § 1441(c) because the state and federal claims were truly separate and independent from each other: the federal claim was asserted against a labor union for breach of a collective bargaining agreement, while the state claims were asserted against three individuals for intentional infliction of emotional distress and battery.

1441(c) also permits remand of "all matters in which State law predominates" in such cases. Where § 1441(c) applies, then, the district court may remand "separate and independent" state law claims, but not the federal claims. *Id.* at 787 ("the district court's discretion to remand under § 1441(c) can pertain only to those *state law claims* which the district court could decline to hear under 28 U.S.C. § 1367"). If the state and federal claims are not separate and independent from each other, however, § 1441(c) simply has no bearing on the issue of removal or remand. *Hinson v. Norwest Fin. South Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001); *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996). Since plaintiffs' federal and state claims in the case at bar all arise out of a common nucleus of operative facts, plaintiffs' reliance on § 1441(c) is misplaced.

I also conclude that this Court has no discretion to remand plaintiffs' claims under federal law. *See Baker v. Kingsley*, 387 F.3d 649, 656-57 (7th Cir. 2004) ("[i]t is an abuse of discretion for a district court to remand a federal claim that is properly before it"); *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002) ("a district court has no discretion to remand a claim that states a federal question"). If plaintiffs wanted to avoid the possibility of having to litigate their claims in federal court, they were free not to assert any federal claims in their complaint. Since they have asserted such claims, however, this Court must exercise its jurisdiction over those claims. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2$^{d}$ Cir. 1998) ("Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available") (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Dunlop v. City of New York*, No. 06-CV-433, 2006 WL 2853972, at *3 (S.D.N.Y. Oct. 4, 2006) ("Plaintiff included federal claims in his Complaint, and

therefore left himself wide open to removal"); *Hickerson v. City of New York*, 932 F.Supp. 550, 556 (S.D.N.Y. 1996) ("these plaintiffs could have assured themselves a state forum by bringing only claims arising under state law. ... But if plaintiffs choose to assert claims under the constitution of the United States, defendants are entitled to remove the case to federal court"); *see also Tassy v. Brunswick Hosp. Center, Inc.*, 296 F.3d 65, 68 n. 2 (2$^d$ Cir. 2002) (noting "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Section 1367(c), therefore, does not permit remand of a federal claim, regardless of whether state law claims "predominate" in the action. *See City of Mobile*, 75 F.3d at 607 ("[s]ection 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim"); *West Mifflin*, 45 F.3d at 787 ("nothing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the [federal] civil rights claims, to the state court"); *accord Hickerson*, 932 F.Supp. at 559.

On the facts before me, however, I do believe that remand of plaintiff's state law claims under § 1367 is both permissible and appropriate. Plaintiffs' claims concerning the propriety of administrative warrants under New York law, the City's authority to provide for such warrants, and the authority of NET officers to apply for and execute such warrants, all raise novel and unsettled questions of state law that would more appropriately be heard in the courts of New York State in the first instance. While I will retain jurisdiction over plaintiffs' federal claims, I

- 9 -

will also stay those claims pending resolution of plaintiffs' state law claims in state court, in the interests of comity and judicial economy, and to avoid the risk of inconsistent adjudications.

This conclusion finds support in a number of district court cases from within the Second Circuit. For example, in *City of New Rochelle v. Town of Mamaroneck*, 111 F.Supp.2d 353 (S.D.N.Y. 2000), the plaintiff city brought an action in state court against a town, challenging a town ordinance concerning certain development projects. The town removed the action and the city moved to remand the state law claims.

The district court granted the motion. Although the case was properly removed, and supplemental jurisdiction was proper, the court declined to exercise supplemental jurisdiction, stating that "[t]he New York State law claims in the case are exemplars of the type of novel and complex state law issues which federal courts have no business deciding, especially on a matter of first impression." *Id.* at 370. The court therefore remanded the state claims under § 1367(c)(1), and stayed the federal claim pending resolution of the state claims.[3] *See also Hickerson*, 932 F.Supp. at 557-59 (remanding plaintiffs' state law claims, and staying federal claims, where the "state constitutional claims present[ed] questions whose resolution was far from clear [that] should be decided by the state courts before any federal constitutional issue is reached"); *Sherman v. Town of Chester*, No. 01 CIV. 8884, 2001 WL 1448613, at *4-5

---

[3]The court added that "Section 1367(c)(2) [which permits remand where state law claims predominate over the federal claims] provides a separate ground for declining to exercise supplemental jurisdiction over the state law claims," stating that "[w]here the state claims constitute the real body of a case to which federal claims are an appendage, declining jurisdiction under this provision is appropriate to prevent a situation wherein permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." 111 F.Supp.2d at 370 (quoting *State of New York v. Phillip Morris Inc.*, No. 97 Civ. 794, WL 2574 at *2 (S.D.N.Y. Jan. 5, 1998) (internal quotation marks omitted).

(S.D.N.Y. Nov. 15, 2001) (remand of state claims was proper, since they raised complex, unsettled and important questions of state law that would better be addressed by state courts, but denying motion to remand federal claims, and staying federal claims pending resolution of state claims); *Cadleway Properties, Inc. v. Ossian State Bank*, 478 F.3d 767, 769 (7th Cir. 2007) (noting that a "district court may remand distinct aspects of the litigation to state court, even while federal issues are resolved in the federal tribunal"); *Anderson v. Charter Tp. of Ypsilanti*, 71 F.Supp.2d 730, 732 (E.D.Mich. 1999) (noting that court had previously declined to exercise jurisdiction over plaintiff's state law claims pursuant to § 1367, remanded state law claims, and stayed further proceedings pending disposition of plaintiff's state court case), *aff'd*, 266 F.3d 487 (6th Cir. 2001); *West Coast, Inc. v. Snohomish County*, 33 F.Supp.2d 924, 926 (W.D.Wash. 1999) (stating that "pursuant to 28 U.S.C. § 1367(c)(2) and (4), the Court declines to exercise its supplemental jurisdiction over the state law claims," remanding those claims, and staying § 1983 claim).[4]

## CONCLUSION

Plaintiffs' motion to remand (Dkt. #7) is granted in part and denied in part. Plaintiffs' second, third, fifth, seventh, ninth, and tenth causes of action are remanded to New York State Supreme Court, Monroe County. To the extent that they are based on New York law, plaintiffs'

---

[4] My decision to remand the state claims under § 1367 renders it unnecessary for the Court to consider plaintiffs' arguments concerning *Pullman* and other types of abstention, as well as plaintiffs' arguments concerning the *Rooker-Feldman* doctrine.

twelfth and thirteenth causes of action are likewise remanded.  This Court retains jurisdiction over plaintiffs' first, fourth, sixth, eighth and eleventh causes of action, as well as over plaintiffs' twelfth and thirteenth causes of action to the extent that they are based on federal law.  Further proceedings in this action are hereby stayed pending resolution of plaintiffs' claims in state court.

　　IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　July 2, 2007.